UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven A. Housman,                                    Civ. No. 11-3035 (PAM/JFD)

        Plaintiff,

v.                                                                          **ORDER**

Cal R. Ludeman, et al.,

        Defendants.

_____

This matter was stayed more than a decade ago pending the resolution of <u>Karsjens v. Minnesota Department of Human Services</u>, No. 11-cv-3659 (DWF/TNL).  Judgment has been entered in <u>Karsjens</u>, and accordingly, the stay of this matter has now been lifted. (Docket No. 32.)

At the time the stay was imposed, two motions were pending before the Court: (1) Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) plaintiff Steven A. Housman's motion for an extension of time to respond to that Motion to Dismiss.  Housman also recently filed a Motion that this matter not be dismissed for failure to prosecute.  (Docket No. 30.)  The Court will briefly address the status of each of the motions.  Finally, because Housman was a "prisoner" for purposes of 28 U.S.C. § 1915(h) at the time he commenced this action, he

will be directed to submit documentation from which the initial partial filing fee owed in this case may be calculated.

1.    **Motion to Dismiss**

Shortly before the stay was imposed, Defendants had moved to dismiss the Complaint under Rule 12 of the Federal Rules of Civil Procedure.  Since that time, however, much about the state of the law relevant to this case has changed—not least of which, judgment has been entered in <u>Karsjens,</u> a matter in which at least some of the same claims appear to have been litigated.  Housman was a member of the class represented in <u>Karsjens</u>, and it therefore appears that the doctrine of res judicata may partly bar litigation of some of the claims raised in the complaint.  For those reasons, Defendants' Motion to Dismiss (Docket No. 12) will be denied without prejudice.  Defendants must file an amended motion to dismiss or responsive pleading within 90 days of the date of this order.

2.    **Motion for Extension of Time**

Housman had requested additional time to respond to the Motion to Dismiss just before the stay.  That Motion for Extension of Time (Docket No. 18) is now moot as the Motion to Dismiss has been denied without prejudice, and will be denied as such.

3.    **Motion Not to Dismiss**

Due to the substantial amount of time that had passed while this matter was stayed, Housman was directed to provide a notice of his intent to continue prosecuting this lawsuit following the lifting of the stay.  (Docket No. 29.)  Housman responded to the order with a "Motion That the Court Not Dismiss the Action."  (Docket No. 30.)  A motion was not strictly necessary—any statement from Housman that he intended to prosecute this matter

2

would have sufficed—but, in any event, this matter will not be dismissed for failure to prosecute.  Housman's motion will therefore be granted.

### 4.    Prison Litigation Reform Act

Housman, a client of the Minnesota Sex Offender Program ("MSOP"), applied for in forma pauperis ("IFP") at the outset of this litigation.  See Docket No. 2.  That IFP application was granted.  See Docket No. 4.  In preparing to lift the stay, however, the Court determined that Housman had been a "prisoner" when he commenced this action for purposes of 28 U.S.C. § 1915.  And because Housman was a prisoner when he commenced this action, he must pay the $350.00 statutory filing fee for this action in installments over time, including an initial partial filing fee paid at the outset of this case.

Under § 1915(b),

> (1)  . . .[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of

the court each time the amount in the account exceeds $10 until the filing fees are paid.

\* \* \* \*

(4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—which is part of the Prison Litigation Reform Act of 1995 ("PLRA")—prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Generally, MSOP clients are excluded from this definition of "prisoner": Although "detained" in a "facility," the typical MSOP client has not been "accused of, convicted of, sentenced for, or adjudicated delinquent for" a violation of the

4

criminal law and is instead detained pursuant to civil, rather than criminal, statutes. Accordingly, the provisions of § 1915(b) requiring payment of the filing fee (regardless of IFP status) do not usually apply to MSOP detainees. See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).

Housman is an exception to that usual rule. At the time he commenced this action, Housman stood accused of criminal offenses in Minnesota state court. See State v. Housman, No. 09-CR-10-1483 (Minn. Dist. Ct.). Housman therefore met the definition of "prisoner" provided in § 1915(h): He was a "person" who was "detained in any facility" and who was "accused of . . . violations of criminal law . . . ." See, e.g., Guerrero v. So, No. 3:20-cv-1117 (GPC/MSB), 2020 WL 6449194, at *2-3 (S.D. Cal. Nov. 3, 2020) (finding litigant committed to psychiatric hospital was nevertheless a "prisoner" under § 1915(h) because he was committed pending a competency hearing on criminal charges). And because Housman was a prisoner within the meaning of § 1915(h) when he commenced this action, the requirements of § 1915(b) apply to him. Accordingly, should Housman elect to continue to prosecute this action, he will be required to pay the $350.00 filing fee for this matter in installments over time. Moreover, he must submit the first of those installments—the initial partial filing fee—immediately.

Calculating that initial partial filing fee is not as straightforward here as in the usual case. Under § 1915(b)(1), Housman owes as an initial partial filing fee 20 percent of the greater of the average monthly deposits to his facility trust account or the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint. Housman did not provide detailed information from his facility trust account

5

at the time he commenced this action, and due to the substantial passage of time since this action was commenced, there is reason to believe that trust-account information for this period is no longer available to Housman.

The Eighth Circuit has recognized the need for flexibility in assessment of the initial partial filing fee in similar circumstances.  See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997).   Housman will therefore be afforded three options for satisfying the requirements of § 1915(b):

> (1) Housman may submit financial documentation showing the average deposits to and balance of his facility trust account for the six months preceding the filing of this action (April 2011 – September 2011);
>
> (2) Housman may submit financial documentation showing the average deposits to and balance of his facility trust account for the six months preceding this Order (April 2022 – September 2022);
>
> or
>
> (3) Housman may submit an initial partial filing fee of $20.00 — that is, 20 percent of the amount that Housman attested he had in his possession at the outset of this action (Docket No. 3 ¶ 7).

Housman must either pay an initial partial filing fee of $20.00 or submit the required financial information (from which a new initial partial filing fee will be calculated) within 21 days of the date of this Order, failing which this matter will be dismissed without prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b).  Housman is warned that if he elects to pursue this action through payment of the initial partial filing fee, the entirety of

6

the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments. Facility officials will be ordered to deduct funds from Housman's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether he succeeds in this action.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.  Defendants' Motion to Dismiss (Docket No. 12) is **DENIED without prejudice**;

2.  Plaintiff Steven Housman's Motion for an Extension (Docket No. 18) is **DENIED as moot**;

3.  Housman's Motion That the Court Not Dismiss the Action (Docket No. 30) is **GRANTED**;

4.  Housman must submit an initial partial filing fee of at least $20.00 or submit financial documentation from which a new initial partial filing fee may be calculated within 21 days of the date of this order, failing which this matter will be dismissed without prejudice for failure to prosecute; and

5.  Defendants must file an amended motion to dismiss or other responsive pleading within 90 days of the date of this Order.

Dated: October 5, 2022

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge